IN SUPPORT OF ORDER TO SHOW CAUSE FOR
EMERGENCY RELIEF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

HIRAM MONSERRATE,

                Plaintiff,                       **AFFIDAVIT OF**
                                                            **HIRAM MONSERRATE**

        v.

                                                          Civil Action No.   21-CV-3830

BOARD OF ELECTIONS IN THE CITY OF
NEW YORK, COMMISSIONERS OF THE
BOARD OF ELECTIONS IN THE CITY OF
NEW YORK, NEW YORK CITY CAMPAIGN
FINANCE BOARD, and CITY OF NEW YORK,

                Defendants.
----------------------------------------------------------------X

STATE OF NEW YORK   )
                             ) ss.
COUNTY OF QUEENS    )

I, Hiram Monserrate, being duly sworn, deposes and says as follows:

    1.      I am the current duly elected Democratic District Leader for New York's 35th Assembly District and have spent my career in service to the People of the City and State of New York.

    2.      After service in the United States Marine Corps Reserves and New York City Police Department, I first was elected to public office as the Democratic District Leader for the

34th Assembly District in 2000, having defeated all Democratic opponents including Francisco Moya.

3.       In September 2001, I was elected New York State Councilman becoming the first Latino elected to public office in Queens and representing the 21st Council District of Corona, East Elmhurst and Jackson Heights.

4.       During my time as NYS Councilman, I endorsed Jose Peralta for the 39th Assembly District, who defeated Francisco Moya in September 2002.

5.       On November 4, 2008, I was elected to represent the 13th District in the New York State Senate. As Senator, I supported Julissa Ferreras for a position on the New York City Council. Ms. Ferreras defeated Francisco Moya and was elected to office in 2010.

6.       Pursuant to a plea agreement, on May 2, 2012, I pled guilty to mail fraud and conspiracy to commit fraud in violation of 18 U.S.C §§ 1341 and 1349. I was sentenced in December of that year to 24 months in prison.

7.       After paying my debt to society, I sought election as a returning citizen in September 2016 when I ran for Democratic District Leader. I lost by only 57 votes in my return to politics and was campaigned against by Francisco Moya.

8.       In 2017, I ran directly against Francisco Moya for a position on the City Council representing the 21st District. I was defeated by Mr. Moya who was sworn in as council member in January of 2018.

9.       On January 31, 2018, Councilmember Moya along with his colleague Councilmember Ritchie Torres introduced Int. #374 which would permanently bar those returning citizens previously convicted of certain felonies involving public corruption from running for City Office. The Council never held a vote on this proposed bill.

10. Later that year, I was elected Democratic District Leader for the 35th Assembly District.

11. In 2020, I ran for New York State Assembly District 35 and lost to incumbent Jeff Aubry but was re-elected as Democratic District Leader for District 35.

12. On December 18, 2020, I filed with the New York City Campaign Finance Board as a candidate for New York City Council District 21 against incumbent Francisco Moya.

13. In January 2021, I paid an outstanding fine of over $26,000.00 to the New York City Campaign Finance Board removing any barrier for my campaign to receive public funds for the City Council election.

14. With my campaign finance path clear and just one month after I filed my intent to run against Francisco Moya for the 21st District Council position, the bill originally proposed by Moya in 2018 reappeared before the City Council in January 2021. This bill remained the same in all ways but Francisco Moya conspicuously removed his named from the bill which now lists Councilmember Brannan as the primary sponsor.

15. Councilmember Moya's bill was conveniently brought back only after I announced my campaign against him nearly three years after he originally introduced it to the City Council. During a time when pandemic relief and fire department safety were in the minds of the citizens of New York, the Council fast-tracked this bill that targeted returning citizens and, in particular, myself from running for public office in the City of New York.

16. On January 19, 2021, I was contacted by Councilmember Fernando Cabrera who informed me that the bill had resurfaced and that all councilmembers were being pressured to support the legislation for fear of backlash. Councilmember Cabrera implied that the Speaker was forcing the bill to the floor.

17. On February 11, 2021, the City Council had a "hearing" on the matter. The only individual to speak on the legislation was Susan Lerner of CommonCause/NY, an individual who had spoken against my candidacy for public office as a returning citizen in 2019 and has attacked me personally. No individual was given the opportunity to speak against the bill, and so the bill passed.

18. Just four days after the City Council passed this bill targeting returning citizens and myself in particular, on February 15, 2021, the Campaign Finance Board was scheduled to make a payment to my campaign for the 21st District. On February 16, 2021 I received a letter that the Campaign Finance Board would not be releasing funds due to alleged deficiencies within my paperwork.

19. On February 22, 2021, my campaign amended our filing for matching funds.

20. On February 25, 2021, Mayor Bill DeBlasio signed the bill into effect as Local Law No. 15 of 2021.

21. Despite filing to run before the legislation was passed by the City Council, publicly declaring my candidacy over two months prior and having previously run for office four times as a returning citizen, on March 5, 2021, the Campaign Finance Board made the determination that my campaign met all requirements for matching funds but that my campaign was and is not eligible to receive matching funds pursuant to the new legislation.

22. On March 31, 2021, a citizen within my Council district, a rival Democratic District leader, filed an objection to the validation of my designating petition based upon Local Law No. 15.

23. On April 14, 2021, the Board of Elections in the City of New York voted to remove me from the June 22, 2021 ballot pursuant to the passage of Local Law No. 15 despite the law being passed in the midst of the election cycle.

24. On April 16, 2021, through my attorneys Avallone & Bellistri, LLP, I filed a petition in New York Supreme Court, County of Queens to validate my designating petition and be placed on the Democratic primary ballot as I am entitled to.

25. This petition (Index No. 708837/2021) was denied by the Honorable Timothy J. Dufficy on procedural grounds.

26. If I were to appeal the matter in the Supreme Court of the State of New York, Appellate Division Second Department, the matter would not be heard until May 12, 2021. This May 12 date is five (5) days after the absentee ballots are to be mailed out for this election (May 7, 2021).

27. If this Court does not act and grant the preliminary injunction and temporary restraining order that I am seeking, then I and my supporters will be irreparably harmed with no other manner of redress.

28. We are in the final hours of this campaign and the Court must act to protect the rights of citizens within the City of New York.

29. The City of New York and the New York City Council allowed this bill to be proposed by my political opponent, Francisco Moya, and only passed it in response to the threat I posed to Moya's re-election to the City Council by my running against him. While the City suffers through the pandemic and with a declining economy, the Council and Mayor have used their personal feelings of animosity toward me to disenfranchise me and the voters of the City of

New York from having their voices heard and allowing the people to decide who represents them.

30. Since March 2, 2021, my campaign has gathered well over 1,000 registered Democratic voters' signatures within my District of the required 270 votes showing the support I maintain in the community, the desire of the people to give a returning citizen a second chance in office and a hope to defeat the incumbent in this year's City Council election.

31. In an age when the State of New York, through laws such as the Fair Chance Act of 2015, make it unlawful to even ask a job applicant about their criminal history, the City counterintuitively passes a law that discriminates against returning citizens in the political arena and take the choice out of the hands of voters who have supported me with time, effort and financial support, including in the current election cycle.

32. The law is not one of second chances or restorative justice but one that was passed at the urging of a political opponent to stop my campaign in particular, and in doing so has discriminated against me in the process and disenfranchised countless voters in this City.

33. The law is one that fundamentally changes the rules of this election midstream and allows for the Board of Elections and Campaign Finance Board to infringe upon my Constitutional rights and the rights of my supporters.

34. In the view of the City of New York, it is perfectly acceptable that voters may have their voices heard as to whether murderers, rapists, child predators, those who commit treason and even terrorists may represent them in public office but it is not acceptable for Hiram Monserrate to ever get another chance to represent my community, despite having paid my debt to society and having overwhelming support in Queens. The people have a right to be heard and returning citizens have a right to run.

_[signature]_

Signature of Affiant

Sworn to before me on this 29th day of april, 2021

_[signature]_

Notary Public Signature

ROCCO AVALLONE
Notary Public, State of New York
No. 02AV4981892
Qualified in Suffolk County
Commission Expires May 20, 20 23